IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 10, 2015 Session

**ANDREW R. LUNN, DDS v. CAROLE MICHELLE LUNN**

**Appeal from the Chancery Court for Hamilton County**
**No. 11-0240      Jeffrey M. Atherton, Chancellor**

_____

**No. E2014-00865-COA-R3-CV-FILED-JUNE 29, 2015**

_____

D. MICHAEL SWINEY, J., concurring and dissenting.

I concur in the majority's opinion with the sole exception that I cannot agree with the majority that the amount of alimony *in futuro* awarded to Wife should be increased from $500 per month after eight years to $2,288. I agree with the majority that the transitional alimony must be changed to another type of alimony to comply with Tennessee law, and that the only other type that fits under the statutes is alimony *in futuro*. My only disagreement is with the majority's *sua sponte* changing of the amount ordered by the trial court.

The majority states in a footnote that "we conclude that there exists no reason for the award to automatically decrease to $500 per month after eight years." My response to this is that Wife never raised an issue as to this $500 per month alimony award. It is unsurprising that the majority was given "no reason for the award to automatically decrease to $500 per month after eight years" as Husband never had a reason on appeal to make any such argument as this issue never was raised by Wife on appeal. It has been my experience that usually this Court encourages parties both in their briefs and in oral argument to address only the issues that are before this Court on appeal.

The majority's changing of the alimony from transitional to *in futuro*, a change I agree with, means that Wife likely will receive considerably more in this alimony than she would have under the trial court's alimony award. Despite that unrequested but required beneficial change to Wife, something Wife never raised on appeal but which I agree with the majority is required, the majority without any request or argument being made by Wife to increase the $500 per month alimony then decides

*sua sponte* and without the legal necessity of doing so to increase the amount from $500 per month to $2,288 per month.  The majority has not only more than just tinkered with the amount of alimony awarded, something we normally avoid if possible, it has done so without any request or legal necessity that it do so.  I cannot agree with this *sua sponte* modification of the monthly amount of alimony to be awarded to Wife after the first eight years of what is now alimony *in futuro*.  I, rather, would have the now alimony *in futuro* decrease from $2,288 per month to $500 per month as originally ordered by the trial court.

_____
D. MICHAEL SWINEY, JUDGE